**BROWN KWON & LAM LLP**
William Brown, Esq. (WB6828)
521 5th Avenue, 17th Floor
New York, NY 10001
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS ALCALA,<br>*on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>- against -<br><br>TATA CONSULTANCY SERVICES LIMITED<br><br>Defendants. | Case No:<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiff LUIS ALCALA ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, by and through his undersigned attorneys, hereby files this Collective Action Complaint against Defendant, TATA CONSULTANCY SERVICES LIMITED., (hereinafter, "Defendant" or "TCS"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action on behalf of himself and similarly situated workers who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, and (3) attorneys' fees and costs.

1

2. Plaintiff also brings this action pursuant to the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, seeking from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) stautory penalties, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

4. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

*Plaintiff*

7. Plaintiff LUISA ALCALA is an adult who resides in Kings County, New York.

8. Plaintiff was a covered employee within the meaning of the FLSA and NYLL.

9. Plaintiff retained Brown, Kwon & Lam LLP to represent Plaintiff in this action and has agreed to pay the firm a reasonable fee for its services.

*Defendant*

10. Defendant TATA CONSULTANCY SERVICES LIMITED is a foreign business corporation headquartered in Mumbai, India, with a principal place of business within the State of

New York at 101 Park Avenue, 26th Floor, New York, NY 10178, and address for service of process located at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. At all relevant times, TATA CONSULTANCY SERVICES LIMITED. had an annual dollar volume of sales in excess of $500,000.

12. TATA CONSULTANCY SERVICES LIMITED is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, has employed Plaintiff and similarly situated employees.

13. At all relevant times, TATA CONSULTANCY SERVICES LIMITED has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

14. TATA CONSULTANCY SERVICES LIMITED applies the same employment policies, practices and procedures to all similarly situated employees.

15. TATA CONSULTANCY SERVICES LIMITED is listed as the payor on pay stubs received by employees of TCS.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings the First Cause of Action, the FLSA claims, on behalf of himself and all similarly situated current and former employees employed by TCS and classified as an exempt Systems Administrator, or other comparable position, from the date that is six (6) years prior to the filing of this Collective Action Complaint until the date of final judgment in this matter, and who elect to opt-in to this action ("FLSA Collective Members").

17. At all relevant times, Plaintiff and FLSA Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

3

have been subject to Defendant's common policies, practices, procedures and patterns with regards to their compensation, including their willful and repeated failure to pay Plaintiff and FLSA Collective Members the overtime wages for all hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are essentially the same as those of the other FLSA Collective Members.

18. All of the work that Plaintiff and FLSA Collective Members have performed have been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and FLSA Collective Members have performed.

19. Defendant is aware or should have been aware that federal law required it to pay employees overtime wages for all of the hours they work.

20. For purposes of notice and other purposes related to this collective action, the names and contact information of FLSA Collective Members are readily available from Defendant's records.

**STATEMENT OF FACTS**

21. Defendant TCS is headquartered in Mumbai, India, and as of February 2021 is the world's largest information technology services and consultancy company, with offices located across 46 countries and a Market capitalization of $169.2 billion.

22. Plaintiff was initially hired by Defendant to work as a "Systems Administrator" at its New York offices located at 450 W 15th Street, New York, NY 10011 around November 2018, and continued in that capacity until the termination of his employment around January 2021.

23. Throughout his employment with Defendant, Plaintiff's primary duties included responding to phone calls from TCS employees experiencing minor technical issues with their work computers. The most common issues Plaintiff would resolve involved employees locked out of their computers, installing antivirus software, and resolving application issues. Plaintiff also

worked with end-users remotely and in-person, set up conference rooms for video conferences, helped set up desk phones, and helped troubleshoot iPhone and Android issues.

24. At no time did Plaintiff's duties include the "highly skilled work of designing or creating computer system programs to meet the businesses' needs – e.g. applying 'systems analysis techniques…to determine…functional specifications,' designing 'computer systems or programs…based on…user design specification,' and creating 'computer programs related to machine operating systems.'"  See, 29 U.S.C. § 213(a)(17)(A)-(C).  Rather, Plaintiff's duties involved "troubleshooting problems with applications, networks, and hardware," which required a lesser degree of technical know-how and sophistication.  See, e.g. U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter, 2006 DOLWH LEXIS 56, 2006 WL 3406603, at *5 (Oct. 26, 2006).

25. Throughout Plaintiff's employment at TCS he was misclassified as an exempt employee and was paid a fixed annual salary of $75,000.  Plaintiff was not paid any overtime premiums for work performed in excess of forty hours per workweek.

26. Throughout his employment with TCS, Plaintiff worked five days per week, Monday through Friday.  During the first two weeks of his employment, Plaintiff worked from 8:30 a.m. to 5:30 p.m. with a thirty-minute meal break for a total of forty-two and a half (42.5) hours per week.  After the first two weeks, Plaintiff's hours were increased to 8:30 a.m. to 6:00 p.m., as he was the only IT person at the 450 W 15th Street site.  Thus, Plaintiff was now working a total of around forty-five (45) hours per week.  After about two months working for Defendant, Plaintiff's hours again increased.  From around January 2018 until the termination of his employment, Plaintiff worked from 8:00 a.m. to 6:30 p.m.  During this last period, Defendant would send Plaintiff to perform IT work for its clients at other locations in New York City, which sometimes required to him to work well beyond 6:30 p.m.  Thus, during this period, Plaintiff

5

worked a minimum of fifty (50) hours per week. Plaintiff would also frequently be required to work over the weekend for up to an additional sixteen (16) hours of work.

27. Despite Defendant having a punch clock to record the hours worked of employees that Defendant classified as non-exempt, Plaintiff, and other similarly situated employees, did not have their work hours tracked or recorded by TCS.

28. Plaintiff complained multiple times to TCS' human resources and to his supervisor about being misclassified and the fact that he was owed overtime, however, his complaints went addressed.

29. Based on conversations with other systems administrators employed by TCS, all such employees were similarly misclassified as exempt and were not paid any overtime premiums despite working well over forty hours per week.

30. Defendant knowingly and willfully failed to pay overtime wages to Plaintiff and similarly situated employees for all hours worked in excess of forty hours in violation of the FLSA and NYLL.

31. Defendant knowingly and willfully operated its business with a policy of not providing proper wage notices to Plaintiff pursuant to the requirements of the NYLL.

32. Defendant knowingly and willfully operated its business with a policy of not providing proper wage statements to Plaintiff pursuant to the requirements of the NYLL.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

33. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

34. The minimum wage and overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and FLSA Collective Members.

35. Defendant failed to pay Plaintiff and FLSA Collective Members overtime wages for all hours worked in excess of forty (40) per workweek, to which they are entitled under the FLSA.

36. Defendant failed to properly disclose or apprise Plaintiff and FLSA Collective Members of their rights under the FLSA.

37. Defendant's unlawful conduct has been willful and intentional. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Members overtime wages for all hours worked when Defendants knew or should have known such was due. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and FLSA Collective Members.

38. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to the FLSA.

39. As a result of Defendant's willful violations of the FLSA, Plaintiff and FLSA Collective Members have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, interests, and other compensation pursuant to the FLSA.

40. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Members and the actual compensation paid to Plaintiff and FLSA Collective Members

should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. At all times relevant, Plaintiff has been an employee of Defendant, and Defendant has been Plaintiff's employers within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

43. Defendant failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) per week, to which he was entitled under the NYLL and the supporting New York State Department of Labor Regulations.

44. Defendant failed to furnish Plaintiff and the Class with proper wage notices as required by NYLL, Article 6, § 195(1), a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.

45. Defendant failed to furnish Plaintiff with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer;

8

rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

46. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff as required by the NYLL and the supporting New York State Department of Labor Regulations.

47. Defendant failed to properly disclose or apprise Plaintiff of his rights under the NYLL and the supporting New York State Department of Labor Regulations.

48. As a result of Defendant's willful violations of the NYLL, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, interests, and other compensation in accordance with the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Members, respectfully requests that this Court grant the following relief:

a. Issuance of court-authorized notice to similarly situated employees regarding the pendency of a collective action pursuant to the FLSA;

b. An award of unpaid overtime wages due under the FLSA and NYLL;

c. An award of liquidated damages as a result of Defendant's willful failure to pay overtime pursuant to the FLSA or NYLL;

d. Statutory penalties for Defendant's failure to provide Plaintiff with proper wage notices, as required by the NYLL;

e. Statutory penalties for Defendant's failure to provide Plaintiff with proper wage statements, as required by the NYLL;

f. Pre-judgment and post-judgment interest;

g. Reasonable attorneys' fees and costs of this action;

h. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

i. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  April 8, 2021                                   Respectfully submitted,

**BROWN, KWON & LAM LLP**

By:     */s/ William Brown*

William Brown, Esq. (WB 6828)
521 5th Avenue, 17th Floor
New York, NY 10175
Tel.: (718) 971-0326
Fax: (718) 795-1642
wbrown@bkllawyers.com
*Attorneys for Plaintiff*

## FLSA CONSENT FORM

      I hereby consent to be part of the lawsuit against Tata Consultancy Services Limited and any such other Defendants who may be added to the case in the future. I understand that the lawsuit alleges overtime violations under the Fair Labor Standards Act. I hereby give consent to the law firm of Brown Kwon & Lam, LLP to bring this suit on my behalf.

Luis Alcala
_____
First and Last Name (printed)

DocuSigned by:
*Luis Alcala*
03117C4E96444C7
_____
Signature

4/7/2021
_____
Date